No. 87–5803.   LEKAS v. ILLINOIS.   App. Ct. Ill., 1st Dist. Certiorari denied.

JUSTICE WHITE, dissenting.

This petition presents a constitutional issue over which the state courts are divided: whether the confrontation of a detainee with new evidence or another's confession is a sufficient intervening event to purge the taint of an allegedly unlawful arrest.   The Appellate Court of Illinois held that it was, notwithstanding the facts that the confession here occurred during a period of continued detention following a warrantless nighttime arrest, assumed not to be supported by probable cause, and 12 hours of intermittent custodial interrogation.   In contrast, the courts of three other States have reached the opposite conclusion, holding that newly discovered evidence or the confession of a codefendant is an insufficient intervening circumstance to prevent the in-custody confession from being fruit of the illegal arrest.   *State* v. *Winegar*, 147 Ariz. 440, 711 P. 2d 579 (1985); *Commonwealth* v. *Barnett*, 471 Pa. 34, 369 A. 2d 1180 (1977); *Gregg* v. *State*, 667 S. W. 2d 125 (Tex. Crim. App. 1984), overruled on other grounds by *Russell* v. *State*, 717 S. W. 2d 7 (Tex. Crim. App. 1986).   This Court has recognized that release from custody or presentation before a neutral magistrate can purge the taint of an illegal arrest, *Wong Sun* v. *United States*, 371 U. S. 471, 491 (1963); *Johnson* v. *Louisiana*, 406 U. S. 356, 365 (1972), but we have not held that merely confronting the illegally and continuously detained defendant with new evidence severs the link between the custodial confession and the Fourth Amendment violation.   Here, there was apparently no exigency preventing the police from presenting the defendant to a magistrate during the 12-hour period over which they intermittently questioned him.   The conflict created by this decision

over the scope of the Fourth Amendment's protection against illegal arrests and the use of the fruits therefrom presents an important question of constitutional law, see *Taylor* v. *Alabama*, 457 U. S. 687 (1982); *Brown* v. *Illinois*, 422 U. S. 590 (1975), and I would grant certiorari.